**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| In Re: David Darling and Kimberlee Darling<br><br>Debtor(s) | BK No. 1:16–bk–10367<br><br>Chapter 7 |

### *LOSS MITIGATION ORDER*

☑  A Loss Mitigation Request[1] was filed by the debtor on 4/4/2016 .

☐  A Loss Mitigation Request was filed by a creditor on .

☐  The court raised the possibility of loss mitigation, and the parties have had notice and an opportunity to object.

Accordingly, it is **ORDERED**, that the following parties (collectively, the "Loss Mitigation Parties") are directed to participate in loss mitigation:
(1)The debtor;
(2) Bayview Loan Servicing , the Creditor with respect to 219 Perry Hill Road, Coventry, RI 02816 [re: 1st Mortgage] ;
(3) Additional parties, if any N/A .

It is further **ORDERED**, that the Loss Mitigation Parties shall comply with the Loss Mitigation Procedures adopted by this Court; and it is further **ORDERED**, that the Loss Mitigation Parties shall observe the following deadlines:

*1.* Within two (2) days of the entry of this Order, the Party seeking loss mitigation shall serve the Order upon the Debtor/Creditor. Upon service of this Order, said party shall file a certificate of service with the Court within two (2) days. This Order shall be served on the same parties as were served with the loss mitigation request in accordance with LBR 9013–3.

*2.* Each Loss Mitigation Party shall designate contact persons and disclose contact information within seven (7) days of the date of this Order, unless this information has been previously provided.

*3.* Each Creditor that is a Loss Mitigation Party shall contact the Debtor's Attorney, or Debtor, if pro se, within *fourteen (14) days of the date of this Order* and provide to Debtor a complete loan modification application package and/or such other information as required by Creditor for purposes of loss mitigation.

*4.* Each Loss Mitigation Party shall respond to an information request within fourteen (14) days after such request is made, or seven (7) days prior to the Loss Mitigation Session, whichever is earlier, unless other dates are directed by the Court.

*5.*During the loss mitigation period, the Debtor must make monthly adequate protection payments to the loss mitigation Creditor in an amount equal to 31% of Debtor's gross monthly income as reported on Bankruptcy Schedules I and J, subject to the exceptions set forth herein. If more than one Loan is subject to loss mitigation, the combined adequate protection payments for all such Loans shall be equal to 31% of Debtor's gross monthly income as reported on Bankruptcy Schedules I and J. In the event 31% of the Debtor's gross monthly income as reported on Bankruptcy Schedules I and J is insufficient to pay the Escrow portion of all Loans subject to loss mitigation, the Debtor shall make monthly adequate protection payments equivalent to the contractual monthly Escrow payments due under the relevant Loans. Further, if the Debtor's contractual monthly mortgage payments, including the Escrow portion, for all Loans subject to loss mitigation is less than 31% of the Debtor's gross monthly income as reported on Bankruptcy Schedules I and J, then the Debtor shall make monthly adequate protection payments equivalent to the contractual amounts due under the loan documents. Such monthly payments must commence within (a) 30 days of the entry of the Loss Mitigation Order or (b) 10 days after the Creditor provides its contact information, whichever is the later date. Failure to timely make such adequate protection payments may result in termination of loss mitigation.

_____
[1]All capitalized terms have the meanings defined in the section on Loss Mitigation Procedures.

*6.* An Initial Status Hearing will be held on *Wednesday, June 8, 2016 at 10:00 AM*. The Loss Mitigation Parties shall appear at the Initial Status Hearing and provide the Court with a verbal status report or, alternatively, the Loss Mitigation Parties may submit a written Status Report (Form E) with proposed Consent Order (Form F) attached not later than 3:00 p.m. two (2) days prior to the scheduled hearing date. If the Court enters the Consent Order, the Initial Status Hearing will be canceled.

*7.* A follow−up status hearing will be held on a date to be set at the Initial Status Hearing or by the Consent Order as entered by the Court. The Loss Mitigation Parties shall appear at the status hearing and provide the Court with a verbal status report or, alternatively, the Loss Mitigation Parties may submit a written Status Report (Form E) with proposed Consent Order (Form F) attached not later than 3:00 p.m. two (2) days prior to the scheduled hearing date. If the Court enters the Consent Order, the follow−up status hearing will be canceled.

*8.* Should Creditor fail to provide to Debtor(s) a response to the loss mitigation request prior to the follow−up status hearing pursuant to this Order, Debtor(s) may request by motion that the Court enter an Order requiring that a representative of the Creditor that has full settlement authority appear before the Court pursuant to the Seventh Amended Loss Mitigation Program and Procedures of this Court, provided that Debtor(s) files a request for said appearance seven (7) days prior to the status hearing.

It is further **ORDERED**, that as a condition of a Chapter 7 debtor's participation in loss mitigation, the Debtor must timely file a financial management course certificate within sixty days of the initial date set for the § 341 meeting of creditors pursuant to Fed. R. Bankr. P. 1007(c) and comply with all other requirements of the Bankruptcy Code. If the financial course certificate is not timely filed then loss mitigation may be terminated; and it is further

**ORDERED**, that any other pending matters between the Loss Mitigation Parties are hereby continued to a date after the last day of the loss mitigation period, to the extent those matters concern (1) objection to the allowance of a proof of claim, (2) reduction, reclassification or avoidance of a lien, (3) valuation of a Loan or Property, or (4) objection to confirmation of a plan of reorganization; and it is further

**ORDERED**, that any Lift−Stay Motion filed by a Loss Mitigation Creditor prior to or after the entry of the Loss Mitigation Order shall be scheduled for hearing at the Initial Status Hearing date and continued to each successive loss mitigation status hearing date; the stay shall be extended pursuant to § 362(e) of the Bankruptcy Code. The Court may act on the Lift−Stay Motion at any such loss mitigation status hearing upon disposition of loss mitigation. If the Debtor(s) fails to cooperate in the loss mitigation process, the Creditor may move to terminate loss mitigation, at which time the Court will schedule the pending Lift−Stay Motion for the same date as any hearing on the motion to terminate loss mitigation; and it is also

**ORDERED**, that the time for each Loss Mitigation Creditor to file an objection to a plan of reorganization in this case shall be governed by Local Rules 3015−2 (b)(1)(B)(ii) and/or 3015−3(b)(2) as applicable, calculated from the rescheduled confirmation date; however, the Creditor shall update any previously filed objection to the Chapter 13 plan, if applicable, at least seven (7) days before the rescheduled confirmation hearing date. If an updated objection is not filed, the Court will deem the original objection to have been withdrawn.

*So Ordered:*

/s/ Diane Finkle
U.S. Bankruptcy Court Judge

Date: **4/22/16**

Entered on Docket: **4/22/16**
Document Number: **9 − 7**
formc.100ajsp

---

*The Federal Center · 380 Westminster Street, 6th Floor · Providence, RI 02903 · Tel: (401) 626−3100*